# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MAINE

| In re:

Norman G. Thibeault and
Diane L. Thibeault,

                        Debtors | Chapter 13

Case No. 11-10072 |

## ORDER DENYING MOTION TO DETERMINE THAT MORTGAGE DEFAULT IS CURED, POST-PETITION PAYMENTS HAVE BEEN MADE AND LOAN IS CURRENT

Norman G. Thibeault and Diane L. Thibeault have moved the Court for an order declaring that their residential mortgage loan has been cured by the completion of their chapter 13 plan and that the loan is current as of the date of the Court's order on their motion. Because they have not followed the procedure for this type of relief set forth in the Federal Rules of Bankruptcy Procedure, their motion is denied.

    A.    **The Chapter 13 Plan**

Norman G. Thibeault and Diane L. Thibeault (collectively, the "Debtors") commenced this chapter 13 case on January 24, 2011. On the same day, they filed a chapter 13 plan. The plan provides for the chapter 13 trustee to make current mortgage payments to CitiFinancial in the amount of $1,264.35 per month. As originally filed, the plan also contemplated the payment of arrears to CitiFinancial in the amount of $2,530.70. Like the current monthly payments, the arrearages were to be paid by the chapter 13 trustee.

On April 5, 2011, CitiFinancial, Inc. filed a proof of claim, asserting a secured claim in the amount of $159,392.78. The claim is secured by a lien on the Debtors' property at 341 Middle Road, Dresden, Maine. According to the Debtors' voluntary petition, they resided at this property on the petition date. CitiFinancial's proof of claim identifies pre-petition arrearages and other charges in the amount of $3,117.40.

In late April 2011, the Court issued an order confirming the chapter 13 plan. Later, the Debtors filed a motion entitled "Amended Motion to Allow & Disallow Claims and to Modify Plan and Objections to Claims." That motion cites 11 U.S.C. § 1329 and offers a single reason for modification of a confirmed chapter 13 plan: "to accommodate the allowance of claims proposed by the Debtor." In January 2012, the Court issued an order granting the motion. In general, that order provides for the same treatment of the CitiFinancial claim as the originally-filed chapter 13 plan. However, the amount of the arrearages was increased to $3,117.40—the exact amount set forth in CitiFinancial's proof of claim. Those arrearages were to be paid over time, with interest in the amount of $323.73, for a total payment of $3,441.13 by the trustee.

**B.     The Motion to Determine**

On August 5, 2015, the Debtors filed their Motion to Determine that Mortgage Default is Cure, Post-Petition Payments Have Been Made and Loan is Current [D.E. 33] (the "<u>Motion to Determine</u>"). The Motion to Determine cites, *inter alia*, Fed. Bankr. P. 3002.1(h), but does not allege the filing or service of a notice under Fed. R. Bankr. P. 3002.1(f) by either the Debtors or the chapter 13 trustee. The Motion to Determine also does not allege facts from which the Court could find that the Debtors complied with D. Me. LBR 9013-1(b). The Motion to Determine seeks a variety of forms of declaratory

relief, but they all center around the status of the Debtors' mortgage loan obligations to CitiFinancial.

More than a month <u>after</u> the Motion to Determine was filed, the chapter 13 trustee filed his Notice of Final Cure Payment. The chapter 13 trustee promptly amended that notice. In the amended Rule 3002.1(f) notice, the trustee asserts that he has (i) paid $68,274.90 to CitiFinancial on account of monthly ongoing mortgage payments and (ii) paid $3,411.13 to CitiFinancial as the "final cure amount."

On September 25, 2015, CitiFinancial filed its statement in response to the amended Rule 3002.1 notice.[1] In the statement, CitiFinancial agreed that the Debtors had "paid in full the amount required to cure the default on [CitiFinancial's] claim" and that the Debtors were "current with respect to all payments consistent with § 1322(b)(5) of the Bankruptcy Code."

C.     **The Rule 3002.1 Process**

Rule 3002.1 is entitled "Notice Relating to Claims Secured by Security Interest in the Debtor's Principal Residence." The rule applies in a chapter 13 case when the holder of a claim has a lien on the debtor's principal residence and that claim is provided for under 11 U.S.C. § 1322(b)(5) in a chapter 13 plan. <i>See</i> Fed. R. Bankr. P. 3002.1(a). Rule 3002.1 applies whether the debtor or the chapter 13 trustee is the disbursing agent for post-petition mortgage payments. <i>See</i> <u>Advisory Committee Note to Fed. R. Bankr. P.</u>

---

[1] As directed by Rule 3002.1(g), CitiFinancial filed its statement as a supplement to its proof of claim and, as such, the supplement appears on the claims register, but not on the docket for this chapter 13 case.

3

<u>3002.1</u>.   Rule 3002.1 is, without question, applicable to CitiFinancial's claim in this case.[2]

Rule 3002.1(f) generally governs what happens after a debtor completes the plan. It provides:

> Within 30 days after the debtor completes all payments under the plan, the trustee shall file and serve on the holder of the claim, the debtor, and debtor's counsel a notice stating that the debtor has paid in full the amount required to cure any default on the claim. The notice shall also inform the holder of its obligation to file and serve a response under subdivision (g). If the debtor contends that final cure payment has been made and all plan payments have been completed, and the trustee does not timely file and serve the notice required by this subdivision, the debtor may file and serve the notice.

Fed. R. Bankr. P. 3002.1(f).  Rule 3002.1(g), in turns, obligates the holder of the claim to file a response within 21 days after the filing and service of the notice under Rule 3002.1(f).  The holder must indicate, in its response, whether (a) it agrees that any defaults have been cured and (b) whether the "debtor is otherwise current on all payments consistent with § 1322(b)(5) of the Code."  Fed. R. Bankr. P. 3002.1(g).  The Rule 3002.1(g) response should be filed as a supplement to the holder's proof of claim and, unlike the proof of claim itself, the response does not constitute prima facie evidence of the validity or amount of the claim.  *See* Fed. R. Bank. P. 3002.1(g).

Rule 3002.1 contemplates two possible outcomes after the service of a response under subdivision (g):  first, the filing of a motion by the debtor or the trustee within 21 days after the service of the response and the subsequent determination by the Court of

---

[2] In general, section 1322(b)(5) allows a plan to provide for "provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due[.]" 11 U.S.C. § 1322(b)(5).  The Court is not deciding, in this case, whether Rule 3002.1 applies to a mortgage loan claim where there is no default to be cured.  Here, the plan provided for the cure of one or more defaults <u>and</u> the maintenance of payments going forward.

4

whether the debtor has cured the default and paid all required post-petition amounts, *see* Fed. R. Bankr. P. 3002.1(h), and second, the failure of the claim holder to provide certain information. *See* Fed. R. Bankr. P. 3002.1(i)(1) and (2). In the latter event, the Court is authorized, in certain circumstances, to preclude the holder of the claim from introducing the information it should have provided, but failed to provide. The Court is also authorized to "award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure." Fed. R. Bankr. P. 3002.1(i)(2). If, following the service of a response by the creditor, the debtor or the trustee files a motion, the dispute is presented to the Court for determination. *See* Fed. R. Bankr. P. 3002.1(h).

The process spelled out in Rule 3002.1 has not been followed in this case. The Motion to Determine was filed well <u>before</u> the trustee filed his notice pursuant to Rule 3002.1(f). As noted above, a motion seeking declaratory relief under Rule 3002.1(h) is supposed to await the service of the Rule 3002.1(f) notice <u>and</u> the service of a response by the holder of the claim under Rule 3002.1(g). There is a logical sequence preceding a request to the Court for the entry of an order granting declaratory relief regarding the mortgage loan obligations. That sequence was not followed here. The ability of the Court to grant declaratory relief under some other statute or rule does not excuse compliance with the specific procedures set forth in Rule 3002.1.

In this case, CitiFinancial did what it was supposed to do after the trustee filed his notice under Rule 3002.1(f). CitiFinancial's response should give the Debtors the assurance that they were apparently seeking when they filed the Motion to Determine. The Court recognizes that a chapter 13 trustee may not always send the Rule 3002.1(f) notice following a debtor's completion of plan payments. But the rule allows the debtor

5

to send the notice if the trustee falters.  The Court recognizes that creditors do not always respond when the trustee (or the debtor) sends the Rule 3002.1(f) notice.  But the rule allows the Court to award sanctions where a creditor sits by idly after the service of a Rule 3002.1(f) notice and later takes a position inconsistent with the information contained in the notice.   While this may not be a perfect solution, it is a reasonable solution and, more to the point, it is the solution set forth in the Federal Rules of Bankruptcy Procedure.

       For the reasons set forth above, the Motion to Determine is denied.

Dated:  October 8, 2015

                                            Michael A. Fagone
                                            United States Bankruptcy Judge
                                            District of Maine